UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RICHARD CAGE,

               Plaintiff,

      -v-

THE HONORABLE RUTH BALKIN JFC;
TEJINDAR SINGH KAHLON, HEARING
EXAMINER at NASSAU COUNTY FAMILY
COURT at 1200 OLD COUNTRY ROAD
WESTBURY, NY 11590,

             Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-1324 (CBA) (LB)

AMON, United States District Judge:

     This complaint comes to my attention on plaintiff's *pro se* order to show cause seeking a

temporary restraining order and preliminary injunction. The Court grants plaintiff's request to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this order. However,

for the reasons discussed below, plaintiff's request for a temporary restraining order and

preliminary injunction is denied, and the complaint is dismissed in its entirety.

<u>Background</u>

     Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against Ruth Balkin, a former

judge of the Nassau County Family Court, and Tejindar Singh Kahlon, a Nassau County Family

Court hearing examiner. Although unclear, plaintiff alleges that he obtained a divorce in Texas

and was granted custody of his daughter. Complaint at 3. Plaintiff further alleges that in 2000,

his ex-wife who had visitation with their daughter, never returned the child to plaintiff's custody.

Thereafter, plaintiff alleges that his ex-wife was granted child support by the Nassau County

Family Court.

     Plaintiff alleges that as a:

1

direct result of [defendants'] actions, your plaintiff Richard Cage suffered traumatic feelings and emotional stress, worry and was forced to live in below poverty level conditions. Your Plaintiff can't afford a car, does not drink beer o[r] alcohol and does not smoke and still does not have sufficient funds for proper medical care. Your Plaintiff feels that he can no longer 'trust' the NY States's Unified Court System.

Complaint at 10. Plaintiff seeks *inter alia*, a temporary restraining order and preliminary injunction to enjoin the Commissioner of the Department of Social Services-Child Support Enforcement Unit from garnishing his Social Security benefits. Moreover, plaintiff seeks to have this Court to overturn the Nassau County Family Court's rulings.

I.      Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (citing Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).

Furthermore, as plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89 (2007), and the Court is obliged to construe his pleadings liberally and interpret them as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

2

## II.  Discussion

In order to state a claim for relief under Section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law.  42 U.S.C. § 1983.  Section 1983 does not itself provide substantive rights, but offers "a method for vindicating federal rights elsewhere conferred."  Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (internal quotation marks omitted); see also Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

### A.  Judicial Immunity

A judge is absolutely immune from lawsuits where it is alleged that the judge performed his or her judicial functions improperly or inadequately.  Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  Mireles, 502 U.S. at 11-13 (internal quotation marks omitted).  Furthermore, when it is clear that the defendants are immune from suit, the complaint will be dismissed as frivolous.  Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999).

Here, it is clear from the allegations of the complaint that defendant Balkin is being sued solely her actions taken within the scope of her jurisdiction and responsibilities as a Family Court Judge, and that defendant Kahlon is being sued for his actions taken as a Family Court Hearing Examiner.[1]  As the alleged wrongdoing of defendants Balkin and Kahlon are acts performed in

---

[1] Judicial hearing examiners are considered judges for the purposes of this inquiry and are similarly entitled to absolute immunity. Butz v. Economou, 438 U.S. 478, 513 (1978) (hearing examiners are held to be the functional equivalent of judges for purposes of absolute immunity); Collins v. Miller, No. 06-CV-5179, 2007 WL 2891414, at *2 (E.D.N.Y. Sept. 28, 2007) (barring plaintiff's claims against Judicial Hearing Officers as foreclosed by judicial immunity).

their judicial capacity during state Family Court proceedings, plaintiff's claims are foreclosed by absolute immunity.

In addition, the Federal Courts Improvement Act of 1996 bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983). Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004); Bliven v. Hunt, 418 F.Supp.2d 135, 139 (E.D.N.Y. 2005). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable, and thus plaintiff's claim is barred against the judicial defendants.

### B. Rooker-Feldman Doctrine

Even if plaintiff's claims were not barred by judicial immunity, this Court lacks jurisdiction under the Rooker-Feldman doctrine to review any state court decisions regarding child support. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine precludes a party who lost in state court from "seeking review and rejection of that judgment" in federal court). The Second Circuit has set forth four requirements for the application of Rooker-Feldman: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007) (internal quotation marks omitted).

Here, plaintiff satisfies each of the four requirements for application of the Rooker-Feldman doctrine. Plaintiff lost in state court, and is herein complaining of the injuries caused by the state court judgment. Additionally, although plaintiff alludes to violations of his

4

constitutional rights in connection with the Family Court proceedings, he is seeking to "[o]verturn the NY State Family Court's ruling, declaring it's orders null and void. . . ." Complaint at 11. Plaintiff may not use this Court to collaterally attack the judgment of the Nassau County Family Court, regarding his support payment. Finally, plaintiff has had an opportunity to raise any claim that he had regarding his child support obligation in state court, both in the Family Court or on appeal. Accordingly, the Rooker-Feldman doctrine bars plaintiff from seeking to re-litigate these issues in this Court. Sorenson v. Suffolk County Child Support Enforcement Bureau, No. 07-CV-03755, 2009 WL 580426, at *5-7 (E.D.N.Y. Mar. 5, 2009); see also Cogswell v. Rodriguez, 304 F.Supp.2d 350, 355 (E.D.N.Y. 2004) (finding that plaintiff could not raise in federal court a due process challenge to a state court determination on the amount of child support owed).

Conclusion

Accordingly, plaintiff's request for a request for a temporary restraining order and preliminary injunction is denied, and the complaint is dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 25, 2010

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge

5